U.S. Department of Justice
*United States Attorney's Office*
*District of New Jersey*

*ROBERT FRAZER*
*United States Attorney*

*JOSEPH MCFARLANE*
*Assistant United States Attorney*

*401 Market Street, 4th Floor*
*Post Office Box 2098*
*Camden NJ 08101*

*Fax: (856) 968-4917*
*Direct Dial: (856) 968-4863*

August 7, 2026

Mark Catanzaro, Esq.
Law Offices of Mark W. Catanzaro
21 Grant St.
Mt. Holly, New Jersey 08060

26-cr-00439-ESK

Re: Plea Agreement with Jordan Pensak

Dear Mr. Catanzaro

This letter sets forth the plea agreement between your client, Jordan Pensak ("Pensak"), and the United States Attorney's Office for the District of New Jersey ("this Office"). This offer will expire on **September 10, 2026**, if it is not accepted in writing by that date. If Pensak does not accept this plea agreement, her sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Pensak to an Information which charges Pensak with sexual abuse of an individual in federal custody, in violation of 18 U.S.C. §2243(c). If Pensak enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Pensak based on her sexual relationship with Victim-1, including the conduct set forth in criminal complaint 26-mj-7065, and her conduct related to smuggling of contraband into FCI Fort Dix, from April 2024 through July 2026.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Pensak even if the applicable statute of limitations period for those charges expires after Pensak signs this agreement, and Pensak agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 2243(c) to which Pensak agrees to plead guilty carries a statutory maximum prison sentence of 15 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The prison sentence on the offense charged in the Information may run consecutively to any prison sentence Pensak is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Pensak is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Pensak ultimately will receive.

Further, in addition to imposing any other penalty on Pensak, the sentencing judge as part of the sentence:

(1) will order Pensak to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order the defendant to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.;

(3) pursuant to 18 U.S.C. § 3583(k) must require Pensak to serve a term of supervised release of at least five years and up to a maximum term of life on supervised release, which will begin at the expiration of any term of imprisonment imposed. Should Pensak be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Pensak may be sentenced to not more than two years' imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

However, pursuant to 18 U.S.C. § 3583(k), should the defendant while on supervised release be found, in a manner that satisfies United States v. Haymond, 139 S. Ct. 2369 (2019), to have committed an offense in violation of chapters 109A,

110, or 117, or section 1201 or 1591 of the United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant must be sentenced to at least 5 years' imprisonment and up to a maximum term of life in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post release supervision, and may be sentenced to an additional term of supervised release.

Pursuant to the Justice for Victims of Trafficking Act of 2015, 18 U.S.C. § 3014, upon conviction, unless the sentencing judge finds Pensak to be indigent, an additional mandatory special assessment of $5,000 must also be imposed.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Pensak by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Pensak's activities and relevant conduct with respect to this case.

Stipulations

This Office and Pensak will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a

particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Pensak waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

Pensak understands that, if Pensak is not a citizen of the United States, Pensak's guilty plea to the charged offense will likely result in Pensak being subject to immigration proceedings and removed from the United States by making Pensak deportable, excludable, or inadmissible, or ending Pensak's naturalization. Pensak understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Pensak wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Pensak's removal from the United States. Pensak understands that Pensak is bound by this guilty plea regardless of any immigration consequences. Accordingly, Pensak waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Pensak also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Registration Consequences

Pensak understands that her guilty plea to the charged offense will likely result in a requirement that she register as a sex offender under federal and state law, and she will be subject to the registration law's requirements and penalties. Pensak wants and agrees to plead guilty to the charged offense regardless of any registration consequences of that plea. Pensak understands that she is bound by her guilty plea regardless of any registration consequences of the plea. Accordingly, Pensak waives any and all challenges to her guilty plea and to her sentence based on any registration consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction, or sentence, based on any registration consequences of her guilty plea.

Adam Walsh Child Protection and Safety Act

Pensak has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, she must register and keep the registration current in each of the following jurisdictions: where Pensak resides;

where she is an employee; and where she is a student. Pensak understands that the requirements for registration include providing her name, her social security number, the address of any place where she resides or will reside, the names and addresses of any places where she is or will be an employee or a student, and the license plate number and a description of any vehicle owned or operated by her, among other information. Pensak further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which she resides, is an employee, or is a student not later than three business days after any change of her name, residence, employment, or student status. Pensak has been advised, and understands, that failure to comply with these obligations subjects her to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Pensak. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against her.

No provision of this agreement shall preclude Pensak from pursuing in an appropriate forum, when permitted by law, a claim that she received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement Pensak and this Office and supersedes any previous agreements between them. No additional promises,

agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ROBERT FRAZER
United States Attorney

Joseph McFarlane

By: Joseph McFarlane
Assistant U.S. Attorney

APPROVED:

Ronnell L. Wilson

Ronnell L. Wilson
Chief, Special Prosecutions Division

I have received this letter from my attorney, Mark Catanzaro, Esq. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, immigration consequences, and registration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

____________________________ Date: 08/21/2026
Jordan Pensak

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, immigration consequences, and registration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

____________________________ Date: 8/21/2026
Mark Catanzaro, Esq.
Counsel for Defendant

Plea Agreement With Jordan Pensak ("Pensak")

Schedule A

1. This Office and Pensak recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2025 applies in this case.

3. The applicable guideline is U.S.S.G. § 2A3.3. The base offense level is 18. U.S.S.G. § 2A3.3(a).

4. As of the date of this letter, Pensak has demonstrated a recognition and affirmative acceptance or personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Pensak's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

5. As of the date of this letter, Pensak has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further one-point reduction in Pensak's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Pensak enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Pensak's acceptance of responsibility has continued through the date of sentencing and Pensak therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Pensak's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

6. Each party agrees not to advocate for any term of imprisonment outside the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

7. If the term of imprisonment does not exceed 24 months, and except as specified in the next paragraph below, Pensak will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of

imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If Pensak is sentenced to at least 18 months' imprisonment, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

8. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

a. Any proceeding to revoke the term of supervised release.

b. A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

c. An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).